43276. IN RE MATTER OF FEE PETITION OF LYNN H. WHATLEY.
(347 SE2d 602)

CLARKE, Presiding Justice.

Appellant Whatley and Alvin Binder petitioned the Superior Court of Fulton County to be appointed to represent Wayne Williams in the prosecution of an appeal from his conviction for murder. The petition was made under Ga. Code Ann. §§ 27-3001a; 27-3002a (now OCGA §§ 17-12-60; 17-12-61) which provides for representation of indigent persons in capital felony cases. Under the statute, the Georgia Supreme Court or Chief Justice or Presiding Justice thereof will award attorney fees not to exceed $250 plus expenses not to exceed $500.

In the petition Whatley alleged he had represented Williams' parents throughout the trial and Binder alleged he had represented Williams. Both were familiar with the case. The appointment was made in April 1982, pursuant to these sections. However, in December 1982 and again in July 1985, Whatley petitioned for compensation pursuant to OCGA § 17-12-5 (b). The December 1982 petition was ruled premature. In July 1985, he sought compensation in the amount of $66,485 for himself and $11,447.50 for George A. Crooks, deceased, and sought $21,378.77 in expenses.

Whatley contended that the court has inherent authority to award adequate compensation and may provide additional compensation in extraordinary circumstances or for protracted litigation. He argued that he applied for appointment as counsel under what is now

OCGA §§ 17-12-60; 17-12-61 because these were the only two sections applicable to capital cases and that he is entitled to be compensated under the more liberal provisions of OCGA § 17-12-5 (b). Finally, he insisted that since under OCGA § 17-12-44 the court has inherent power to order adequate compensation for the representation of indigents, he should not be limited to the $250 plus $500 for expenses provided by OCGA §§ 17-12-60; 17-12-61.

The trial court found that because the appointment was made pursuant to Ga. Code Ann. §§ 27-3001a; 27-3002a (now OCGA §§ 17-12-60; 17-12-61) and because after Alvin Binder withdrew from the case the Public Defender of Fulton County was appointed and the resources of the office were made available to Whatley, the petition to receive compensation in the amount of $99,311.27 should be denied. This order of August 1, 1985 is the subject of the present appeal.

Whatley enumerates as error that the trial court did not rule on his petitions of December 7, 1982 and July 29, 1985 to receive compensation under OCGA § 17-12-5 (b) and that the trial court did not conduct an evidentiary hearing as requested in the July 29, 1985 petition.

1. We need not consider any complaints concerning the December 1982 order since that order is not part of the record and would not in any event be a proper subject for an appeal over three years after it was entered. Although the court in its July 1985 order does not specifically refer to OCGA § 17-12-5 (b) in its denial of relief, it is clear that since the petition was based on OCGA § 17-12-5 (b) the denial of the petition is a denial of compensation under OCGA § 17-12-5 (b).

2. In regard to the request for evidentiary hearing on the amount of compensation and expenses, the court's order is silent. There was no requirement that a hearing on the amount of compensation be held if the court was correct in its ruling that as a matter of law no compensation was available under OCGA § 17-12-5 (b).

However, we find that although Whatley applied for appointment under OCGA §§ 17-12-60; 17-12-61, this does not preclude his seeking compensation under OCGA § 17-12-5 (b). OCGA §§ 17-12-60; 17-12-61, formerly Ga. Code Ann. §§ 27-3001a; 27-3002a, was passed in 1953, Ga. L. Nov. Sess., pp. 478, 479. OCGA § 17-12-5 (b), formerly Ga. Code Ann. § 27-3204 (a), was passed in 1968, Ga. L. 1968, pp. 999, 1002. That statute specifically provided, "It is not intended that the Act approved January 5, 1954 (Ga. L. 1953, Nov.-Dec. Sess., p. 478), relating to the appointment of attorneys to represent indigent defendants be repealed, but it is intended that its provisions shall be construed as permissive and not mandatory with respect to this Act and its reasonable implementation." (Ga. L. 1968, p. 1007). Construing these two statutes together, we conclude that they are not mutually

exclusive and the fact that Whatley was appointed under OCGA §§ 17-12-60; 17-12-61, does not preclude considering whether he is entitled to compensation under OCGA § 17-12-5 (b). Therefore, we remand this matter to the trial court for a hearing on the question of compensation in this case.

*Reversed and remanded. All the Justices concur.*

DECIDED SEPTEMBER 11, 1986.

*D. Lake Rumsey, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Robert G. Young,* for appellee.